**NEAL et al. v. UNITED STATES.**

**No. 13708.**

United States Court of Appeals Fifth Circuit.

April 1, 1952.

Rehearing Denied April 23, 1952.

Presley E. Werlein, Jr., Houston, Tex., for appellants.

Brian S. Odem, U. S. Atty., W. G. Winters, Jr., Asst. U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and STRUM, Circuit Judges.

STRUM, Circuit Judge.

This is an action to recover the unpaid purchase price of a machine lathe, sold by War Assets Administration to Consolidated Machine Works, a Texas limited partnership created under Art. 6110 et seq., Vernon's Texas Civil Statutes. The case is here on appeal from a judgment against the purchasers.

The partnership was composed of one Derrick as general partner, and appellants Neal and Nauts as special partners. Derrick's contribution of capital to the partnership consisted of machinery and contracts owned by him, valued at $7500. Neal contributed $7500 cash, Nauts $1666.66.

The partnership's operations were unprofitable. In addition to his original contribution to capital, Neal loaned the partnership from time to time a total of $25,000. When still more capital was needed, late in 1946, both Neal and Nauts refused to make any further advances. Derrick desiring to continue the business, but the special partners Neal and Nauts desiring to withdraw, Derrick procured funds in the manner hereafter stated with which to refund to Neal and Nauts, in cash their original investments of $7500 and $1666.66, respectively. In addition, Neal received from Derrick other assets, owned by the latter, in consideration of which Neal can-

celled $15,000 of Consolidated's $25,000 indebtedness to him for loans, which then aggregated $27,343.01 with accrued interest. For the remaining $12,343.01 due on said loan Neal accepted Derrick's promissory note in the latter amount. Consolidated was then dissolved as a limited partnership, and after a brief period of operation by Derrick as sole proprietor, the business continued as a corporation which was organized for that purpose.

In order to raise the necessary money with which to refund Neal and Nauts their original contribution to partnership capital, Derrick induced several other persons to buy interests aggregating $9166.66 in the new corporation which was to continue the business. These funds were deposited with an escrow agent, who paid them over to Neal and Nauts when Derrick certified that the new corporation was chartered and ready for business. Corporate stock therein was delivered to the new investors in proportion to the sums thus invested. Thus, Neal and Nauts received back their investment in full, the new investors received stock in the new corporation in proportion to their investment, but the partnership creditors, including plaintiff, received nothing.

The United States contends, and the trial court found, that at the time of its dissolution as a partnership, Consolidated was insolvent, or "in contemplation of insolvency," within the provisions of Arts. 6128, 6129, Vernon's Texas Civil Statutes, and that the purpose and effect of the entire transaction was to enable Neal and Nauts to withdraw their invested capital without first satisfying partnership creditors, further giving Neal an unlawful preference as a creditor on account of his loans to the partnership aggregating $25,000. The trial

court held the transaction void under the Texas statutes. In so doing, the trial court overruled defendants' contentions that Consolidated was solvent when the transaction in question was consummated, and that Neal and Nauts did not withdraw capital from the partnership but simply sold their interests therein to others who used new and outside money to pay them therefor.

Accordingly, judgment was entered below against Neal and Nauts to the extent of their respective withdrawals of capital, with interest thereon to date of judgment, from which judgment they appeal.

■ We agree with the trial judge that the transaction, taken as a whole, was simply a device to enable the special partners to withdraw their capital without first satisfying their creditors, and to enable Derrick to dissolve the partnership but continue the business in corporate form with new capital. The transaction was recorded on the partnership books as a return of capital to Neal and Nauts. The parties so understood.[1]

■ Obviously, consummation of the transaction permitted Neal and Nauts to withdraw their original capital free of the claims of partnership creditors, thus affording them a preference over those creditors, including plaintiff, which is condemned by Art. 6128, Vernon's Texas Civil Statutes, in applying which statute the court will look through form to substance. Compare Kittredge v. Langley, 252 N.Y. 405, 169 N.E. 626, 67 A.L.R. 1087.

The trial court is well supported by the evidence in holding that the transaction was after, or in contemplation of, insolvency of the partnership, and therefore void as against creditors. Art. 6130, Vernon's Texas Civil Statutes, provides that any special

1. Derrick, the general partner, testified:
"Q. Now, at the time of the setting up of those sums in Plaintiff's Exhibit 7, what was the purpose of that payment to the special partners, Neal and Nauts? Was that to pay for their original capital contribution to the partnership? A. That's right. That was the exact amount that they had put in.
"Q. And it is your understanding that that is what the transaction amounted to? A. That's right."

Jack M. Moser, one of the incorporators who supplied part of the new capital, testified:
"Q. And your understanding with Mr. Derrick at the time you gave him this money mentioned in the receipt was he was going to use those funds for the purpose of forming a corporation? A. Those funds were to be used to pay off Robert Neal and Dick Nauts. Purchase of the Consolidated Machine Works."

**338**

partner who shall concur in or assent to such a transaction shall be liable as a general partner.

Even though the moneys paid to Neal and Nauts originated from sources alien to the partnership, and came to Neal and Nauts through the escrow agent, in substance and effect it was money secured by Derrick with which to buy out the interests of Neal and Nauts in the partnership, and they received the benefit of it. The fact that the money was secured outside the partnership and followed an indirect route to the pockets of Neal and Nauts will not obscure the real purpose of the transaction, which was to preferentially return to Neal and Nauts their original capital investment in the partnership, without first satisfying partnership creditors, contrary to Art. 6128 of Vernon's Texas Civil Statutes.

Affirmed.